AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
03/31/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
03/31/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____JD_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

United States of America,
v.

PEDRO RAFAEL LOPEZ-MEDINA,

Defendant(s)

Case No. 8:25-mj-00238-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of <u>February 28, 2021</u> in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §1326(a) | Illegal Alien Found in the United States Following Deportation or Removal |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
Complainant's signature

MANUEL GUTIERREZ, Deportation Officer, DHS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: March 31, 2025

*Karen E. Scott*
Judge's signature

City and state: Santa Ana, California

Hon. KAREN E. SCOTT, U.S. Magistrate Judge
Printed name and title

AUSA: Greg Staples

**AFFIDAVIT**

I, Manuel Gutierrez, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a complaint and arrest warrant against PEDRO RAFAEL LOPEZ-MEDINA ("LOPEZ-MEDINA"), charging a violation of Title 8, United States Code, Section 1326(a) (Illegal Alien Found in the United States Following Deportation or Removal).

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF MANUEL GUTIERREZ

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since July 2018. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

### III. STATEMENT OF PROBABLE CAUSE

4. On or about February 28, 2021, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that LOPEZ-MEDINA was in the custody of the Costa Mesa Police Department ("CMPD"). LOPEZ-MEDINA was subsequently released from CMPD custody.

5. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or March 21, 2025, I obtained and reviewed DHS A-File A213 192 279 (the "DHS A-File"), which is maintained for subject alien LOPEZ-MEDINA. The DHS A-File contained the following documents and information:

    a. Records of Deportable/Inadmissible Alien ("Form I-213") forms dated August 22, 2019 and August 24, 2019 listing a Federal Bureau of Investigation Identification number ("FBI number") assigned to LOPEZ-MEDINA. I compared the FBI number listed on the two I-213 forms and the FBI number listed on the electronic notification received from the PERC. These documents list the same FBI number. Thus, I believe that the DHS A-File and its contents corresponded to LOPEZ-MEDINA.

   b. The following documents related to LOPEZ-MEDINA's removal:

    i. Photographs of LOPEZ-MEDINA to whom this specific DHS A-File corresponded.

    ii. An executed Notice To Alien Ordered Removed Verification (Form I-296), indicating that LOPEZ-MEDINA was officially removed from the United States on or about August 25, 2019.

    iii. An executed Notice To Alien Ordered Removed Verification (Form I-296), indicating that LOPEZ-MEDINA was officially removed from the United States on or about August 22, 2019.

    iv. A Notice and Order of Expedited Removal (Form I-860), indicating that LOPEZ-MEDINA was officially ordered removed from the United States to Mexico on or about August 25, 2019.

    v. A Notice and Order of Expedited Removal (Form I-860), indicating that LOPEZ-MEDINA was officially ordered removed from the United States to Mexico on or about August 22, 2019.

    vi. A Record of Sworn Statement in Proceedings under Section 235(b)(1) of the Act (Form I-867A), dated August 25, 2019, in which LOPEZ-MEDINA stated that he was born and is a citizen of Mexico.

   c. I know from my training and experience that a Warrant of Removal, Warrant of Removal/Deportation, or a Notice to Alien Ordered Removed/Departure Verification, is executed

each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in the DHS A-File contained his photograph, signature, and fingerprint.

        d.   A certified conviction record, showing that on or about January 16, 2024, LOPEZ-MEDINA was convicted of Grand Theft, in violation of California Penal Code Section 487(a), in the Superior Court of the State of California, Case# 23CF3321, for which LOPEZ-MEDINA received a sentence 90 days of imprisonment.

        e.   A certified conviction record, showing that on or about September 13, 2021, LOPEZ-MEDINA was convicted of Possession of a Controlled Substance in a Correction Facility, in violation of California Penal Code Section 4573.6, Possession of a Controlled Substance, in violation of California Penal Code Section 11377(a), and Possession of Controlled Substance Paraphernalia, in violation of California Penal Code Section 11364(a), in the Superior Court of the State of California, Case# 21WF0884, for which LOPEZ-MEDINA received a sentence of 90 days of imprisonment.

    7.   On or about March 21, 2025, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that

defendant had been convicted of the crimes reflected on the documents contained in the DHS A-File.

8. On or about March 21, 2025, I reviewed the printouts of DHS computer indices on LOPEZ-MEDINA. Based on my training and experience, I know that the DHS computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The DHS computer indices confirmed that LOPEZ-MEDINA had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in the DHS A-File. The DHS computer indices further indicated that LOPEZ-MEDINA had not applied for or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

9. Based on my review of the DHS A-File, I determined that it does not contain any record of LOPEZ-MEDINA ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. CONCLUSION

10. For all the reasons described above, there is probable cause to believe that PEDRO RAFAEL LOPEZ-MEDINA has committed a

violation of Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation or Removal.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this __31st__ day of March 2025.

*Karen E. Scott*
_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

6